UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN H. BENNETT,

    Plaintiff,

v.

VIRGIL BERNERO, *et al.*,

    Defendants.
_____/

Case No. 4:06-CV-90

Hon. Richard Alan Enslen

## JUDGMENT

Plaintiff has initiated the present action against twenty (20) named individuals, as well as an unidentified number of "unknown parties." The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On July 31, 2006, Plaintiff initiated the present action against various members of the Michigan Senate and House of Representatives (as well as certain of their staff members). Plaintiff asserts that he approached the Defendant political figures in an attempt to secure certain reforms to state mental health laws. Plaintiff asserts that the Defendant political figures refused to adopt his proposed reforms. Plaintiff further asserts that the Defendant staff members were rude to him and made him feel as if he was being ostracized. Plaintiff requests "at least" fourteen million dollars ($14,000,000) in damages, as well as injunctive and declaratory relief.

Plaintiff's Complaint must be dismissed for at least two reasons. First, Defendants are entitled to absolute legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) ("state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities"); *Harlow v. Fitzgerald*, 457 U.S. 800, 809-10 (1982) (legislative immunity extends to legislative aides and assistants); *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 732 (1980) (protection afforded by legislative immunity "is equally applicable to § 1983 actions seeking declaratory or injunctive relief"). Furthermore, Plaintiff has asserted no facts which, if proven, would entitle him to relief under any theory.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  
September 1, 2006

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE